UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:  
Mark S. Chambers,  
Virginia Chambers,  
Debtors.  
_____/

CASE NO.: 10-03417-3G7

> **NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**
>
> Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within 15 days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202-4267 and serve a copy on the movant's attorney, Jeffrey Becker, Esq., Hiday & Ricke, P.A., P.O. Box 550858, Jacksonville, Florida 32255-0858.
>
> If you file and serve an appropriate objection within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

## CREDITOR, FLORIDA TELCO CREDIT UNION'S, MOTION SEEKING RELIEF FROM AUTOMATIC STAY PURSUANT TO BANKRUPTCY RULE 4001

Florida Telco Credit Union, by and through its undersigned counsel, hereby moves this Honorable Court for Relief from Automatic Stay imposed pursuant to Section 362 of the Bankruptcy Code, and as grounds therefore would show as follows:

1. That the Court has jurisdiction over this matter pursuant to 20 U.S.C. Section 1471 and 11 U.S.C. Section 362, 363, and 552(b).

2. That this motion is made pursuant to Bankruptcy Rule 4001, and in conformity with Rule 9014.

3. That the Debtors were at the time of the filing of the petition, and still are, justly and truly indebted to the movant in the minimum amount of: $95,585.50 as to the property described as: 291 Orange Avenue, Jacksonville, Florida 32259.

4. That this indebtedness is a second mortgage and is established by the Mortgage Note signed by the Debtors herein, as evidenced by composite Exhibit 'A' which is attached hereto and incorporated herein by reference.

5. That there are no setoffs or counterclaims to this debt, and it is free from any change forbidden by law.

6. Pursuant to the attached exhibits, the movant has a fully protected security interest in the collateral listed herein.

7. That the property described as: 291 Orange Avenue, Jacksonville, Florida 32259 has a value of $350,000.00 as listed in the Debtors Schedule D, and it is not necessary to the reorganization of the estate.

8. Bac Home Loans Service holds the First Mortgage and has a Secured Claim listed at $342,259.00 on the Debtor's Schedule D.

9. The account as to the property described as: 291 Orange Avenue, Jacksonville, Florida 32259 is due for April 15, 2010 for the regular monthly installment of $592.66.

10. Movant objects to and requests a hearing on any claim of the debtors seeking to exempt this collateral.

11. Debtors had a reasonable opportunity to redeem the collateral.

12. The property has been claimed exempt by the debtor or abandoned by the trustee.

13. Estimated total time to hear this Motion, if a hearing is required is ten (10) minutes.

WHEREFORE, Florida Telco Credit Union moves this Honorable Court for an Order granting relief from the Section 362 stay and providing this Creditor with adequate protection, as the Court deems appropriate under the circumstances of this case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished either electronically or by U.S. Mail this __4__ day of ~~May~~ June, 2010 to Gregory K. Crews, 8584 Arlington Expressway, Jacksonville, FL. 32211, Assistant U.S. Trustee, 135 W. Central Boulevard, Room 620, Orlando, FL. 32801, Mark S. Chambers, 6430 Autumn Berry Cir, Jacksonville, FL. 32258-8417, Todd W. Henry, 1555 Kingsley Avenue, Suite 405, Orange Park, FL. 32073, Virginia Chambers, 6430 Autumn Berry Cir, Jacksonville, FL. 32258-8417.

Hiday & Ricke, P.A.

By: _____
Jeffrey R. Becker, Esquire
Post Office Box 550858
Jacksonville, FL 32255
(904) 363-2769  Fax: (904) 363-0538
Email: litigate@hidayricke.com
Florida Bar No.: 0792977
File # 201001627



*Exhibit "A"*

## NOTE

June 6, 2008     Jacksonville     Florida
[Date]             [City]           [State]

GE AVE, JACKSONVILLE FL 32259
[Property Address]

### 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $100,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is Florida Telco Credit Union. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST
Interest will be charged on unpaid principal until full amount of Principal has been paid. I will pay interest at a yearly rate of 6.49%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS
(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 15th day of each month beginning on July 15, 2008. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to Interest before Principal. If, on June 15, 2028, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at P.O. Box 16688 Jacksonville, FL 32245 or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $745.82.

### 4. BORROWER'S RIGHT TO PREPAY
I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

### 5. LOAN CHARGES
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED
(A) Late charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 10 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be $25.00. I will pay this late charge promptly but only once on each late payment.

FLORIDA FIXED RATE NOTE-Single Family     (page 1 of 2 pages)   *UmC*   *[initials]*

**(B) Default**
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**
If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Cost and Expenses**
If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**
Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**
If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**
I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**
This Note is a uniform with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**11. DOCUMENTARY TAX**
The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_Virginia Chambers_ (Seal)
VIRGINIA CHAMBERS     -Borrower

_/s/_ (Seal)
MARK S. CHAMBERS     -Borrower

(page 2 of 2 pages)

④

Public Records of
St. Johns County, FL
Clerk # 2009035751,
O.R. 3219 PG 593-596
07/20/2009 at 08:57 AM,
REC. $17.00 SUR. $18.50

This instrument prepared by and
should be returned to:
Marcia Ogilvie   Verlet (env)
Florida Telco Credit Union
9700 Touchton Rd   PO Box 16688
Jacksonville, FL 32246

## MORTGAGE LOAN MODIFICATION AGREEMENT

This Modification Agreement is entered into this 10 day of July, 2009, by and between Florida Telco Credit Union, whose address is 9700 Touchton Rd Jacksonville, FL 32246 ("Lender"), and Virginia M. Chambers aka Virgina Chambers and Mark Stanley Chambers aka Mark S. Chambers, wife and husband, whose address is ███████████████████ville, Fl 32259 individually and collectively "Borrower/Mortgagor").

### WITNESSETH:

WHEREAS, on June 6, 2008, Borrower/Mortgagor executed and delivered to Lender a Note in the original principal amount of $100,000.00; and

WHEREAS, the Note is secured by that Mortgage dated June 6, 2008, on the real property described in the Mortgage executed in favor of Lender and recorded on June 16, 2008, in Official Records Book 3093, Pages 1928-1932, of the Public Records of St. Johns County, Florida; and

WHEREAS, Borrower/Mortgagor has requested that Lender modify certain terms of the Note and Mortgage; and

WHEREAS, Lender has agreed to such modifications upon certain conditions.

NOW, THEREFORE, for valuable considerations given and received by each party, Lender and Borrower/Mortgagor hereby agree as follows:

1. The parties hereto stipulate and agree that as of July 10, 2009, the principal balance due under the Note is $97,747.00, and interest has been paid through May 15, 2009.

2. The Note shall be modified and amended in its entirety as follows:

    a. Borrower/Mortgagor shall pay $592.66 to Lender on the 15th day of each month beginning on August 15, 2009 through July 15, 2012 (the "Reduced Payment Period"). During the Reduced Payment Period, interest shall accrue on the Note at an annual rate of 4.00%.

    b. Beginning on August 15, 2012, and the 15th day of each month thereafter, Borrower/Mortgagor shall make monthly periodic payments of $710.24 to Lender. Beginning on August 15, 2012, interest shall accrue on the Note at an annual rate of 6.49%. If on July 15, 2029, Borrower/Mortgagor owes any amounts under the Note or the Mortgage, as modified, Borrower/Mortgagor will pay those amounts in full on that date, which is called the "maturity date."

    c. In addition to all payments described above, Borrower/Mortgagor shall make any and all escrow payments as required by the Note and Mortgage, as modified.

    d. Borrower/Mortgagor understands and agrees that the monthly payments described above will not be adequate to pay all amounts due under the Note and Mortgage. Consequently, Borrower/Mortgagor will be required to make a balloon payment on or before the maturity date.

    e. Borrower/Mortgagor understands and agrees that the minimum monthly payments MAY not cover the finance charges that accrue and "negative amortization" MAY occur. Negative amortization will increase the amount Borrower/Mortgagor owes under the Note and Mortgage and reduce Borrower/Mortgagor's equity in the Property which secures the Note

Page 1 of 4

STATE OF FLORIDA
COUNTY OF Duval

The foregoing instrument was acknowledged before me this 10 day of July, 2009 by Davis Johnston, as SR. V.P. of Florida Telco Credit Union, on behalf of Florida Telco Credit Union, who is personally known to me or has produced ack as identification.

Marcia S. Ogilvie
Signature

Print or type name
NOTARY PUBLIC
My Commission #
Expires:

Page 4 of 4