UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re

**MARK S. CHAMBERS**
**VIRGINIA CHAMBERS**

CASE NO. 10-03417-3F7

_____Debtor(s)._____

## TRUSTEE'S OBJECTION TO CLAIM 9

---

NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 30 days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.

If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at the United States Bankruptcy Court, Jacksonville Division, 300 North Hogan Street, Ste. 3-150, Jacksonville, Florida 32202, and serve a copy on the movant's attorney, Gregory Crews, 8584 Arlington Expressway, Jacksonville, Florida 32211, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and proceed to consider the paper without further notice or hearing, and may grant the relief requested.

---

The trustee, through his undersigned attorney objects to claim 9, filed by Federal Home Loan Mortgage Corporation, and states:

1. The claims bar date in this case was October 12, 2010.  Claim 9 was filed June 21, 2019.

2. The creditor who held the debt at that time, BAC Home Loans Servicing, LP, was listed as a creditor on the schedules.  An attorney filed a Request for Notice on behalf of the creditor (Doc 8).

3. The claim, if it is allowed, should be subordinated to timely filed claims.

4. The attachments to the claim show that the property securing the debt was foreclosed and that Federal Home Loan Mortgage Corporation then resold the property to Robert & Jacqueline

Kapuschansky for $260,000. There is no explanation in the claim or attachments showing how the claim amount of $247,646.67 is calculated.

5. Unless the creditor provides an explanation as to how the claim amount was calculated the claim should be disallowed in its entirety. If a satisfactory explanation of the calculation is provided the claim should only be allowed subordinate to timely filed claims.

Wherefore, the trustee prays that the court enter an order disallowing the claim in its entirety or, if the claim is allowed, that it be subordinated to timely filed claims.

I HEREBY CERTIFY that on August 30, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of the electronic filing to the U. S. Trustee and Todd W. Henry, Esquire. I further certify that I mailed a copy of the foregoing document by first class mail to the following non-CM/ECF participants:

Federal Home Loan Mortgage Corporation
Attn: Brad Geisen, CEO
1095 Broken Sound Parkway, Suite 100
Boca Raton, Florida 33487

Mark and Virginia Chambers
1870 Swiss Oaks Street
Jacksonville, Florida 32259

GREGORY K. CREWS
**Attorney for Trustee**
Florida Bar No. 172772
8584 Arlington Expressway
Jacksonville, Florida 32211
(904) 354-1750